GEORGE HARGRAVES, adm'r, Plaintiff in error, vs. SEABORN Jones, defendant in error.

[1.] It is too late, when a cause is called for trial on the merits, for the defendant to move to dismiss a bill, because the complainant has an adequate common law remedy, the answers all being in and no demurrer filed.

[2.] If the answer admits the equity in the bill, or what is alleged as equity, and alleges such matter, as, *if proven, would defeat the complainant's equity,* which matter is not strictly responsive to the bill, this Court will not control the discretion of the Chancellor below in retaining the injunction.

In Equity in Muscogee Superior Court. Decision by JUDGE WORRILL, at May Term, 1858.

This was a bill filed by Seaborn Jones against James H. Shorter, administrator of Eli S. Shorter, deceased.

The bill states that one George W. Dillingham, late of Muscogee county, in said State, departed this life intestate, possessed of a considerable estate, and that letters of administration thereon were granted to John Dillingham, and that complainant and Eli S. Shorter became his securities; that Shorter died in 1836 intestate, and James H. Shorter and Sophia Shorter were appointed his administrator and administratrix, but that James H. Shorter took upon himself the principal management and control of the affairs and assets of said estate.

The bill further states that the Farmer's Bank of Chattahoochee instituted suit, and recovered judgment against the said George W. Dillingham, administrator as aforesaid, for two thousand five hundred and ninety-five dollars and seventy-eight cents, ($2595 78) besides interest, and finding no property of said Dillingham out of which to satisfy said judgment, said Bank, after Eli S. Shorter's death, instituted suit in the name of the Inferior Court, as a Court of Ordinary, against said Dillingham and complainant, upon the administration bond, to recover the amount of said judgment; and at April Term, 1838, of the Superior Court of said county, recovered judgment against said Dillingham and

complainant, as survivors as aforesaid, for $2595, as principal, and $725 58 interest.

The bill further states that said judgment, although nominally for the Farmers' Bank of Chattahoochee, was really for the benefit of Alfred Iverson, who was alone beneficially interested therein, and that Iverson has received upon said judgment out of the property of George W. or John Dillingham, or both, the sum of $760 00, and that complainant paid on said judgment the sum of $2230 on 7th October, 1851, leaving a balance due at that time on said judgment of about $1057 60. That since the payment above stated by complainant, Iverson, on the          day of          1852, transferred said judgment to James H. Shorter, receiving from Shorter the bills of the  Central Bank of Georgia, (as complainant has been informed and believes) which bills were at a discount of twenty or twenty-five per cent.

The bill further states that John Dillingham is insolvent, and out of the State, and that  James H. Shorter intends to collect the balance due on said judgment out of complainant, who was only a security  with Eli S. Shorter, deceased, and who would have been sued thereon with John Dillingham and complainant, had he been in life at the time  suit was brought.  That James H. Shorter, administrator  of Eli S. Shorter, deceased, has a large amount of  assets in his hands, more  than sufficient to pay said  balance due on said judgment, and had at the time he purchased said judgment from Iverson ; and that complainant has paid more than one-half of said judgment, and if the balance is now collected from him, he will  be driven to the trouble and  expense of commencing suit against the  said James H. and Sophia Shorter, administrators  of Eli S. Shorter,  deceased, and  delayed in the recovery  back of the  money thus paid, or to  be paid by him.

The bill prays that said James H. Shorter, as the principal acting administrator of Eli S. Shorter, deceased, may charge up the balance due on said judgment to the estate of his in-

testate, and to contribute to complainant what is due to him in the premises, and to relieve and discharge him from all further liability on said judgment, &c.   There was also a prayer that defendant be enjoined from all further proceedings under said judgment and execution, until the further order and decree of the Court.

The bill was read, sanctioned, and an injunction ordered at chambers, 25th April, 1844.

The answer of defendant admits that Dillingham died about the time stated in the bill, that administration was granted on his estate, and bond and security given as therein stated; that Eli S. Shorter died, and defendant and Sophia S. Shorter, administered upon his estate, and that defendant took upon himself the principal burden of said administration, and managed and controlled most of the assets—admits the recovery of the judgment as stated tn the bill, and the payments thereon from the property of Geo. W. Dillingham, and by complainant, and that the said judgment and *fi. fa.* were assigned to defendant by Iverson 5th July, 1842, and that there was then due on said jugment a balance of $1117, or thereabouts—admits that he paid Iverson in Central Bank bills in part, which he received at par, being indebted to said Bank; that he purchased said judgment on his individual account, and paid for the same out of his own funds, and not out of the funds of the estate of Eli S. Shorter; that the transfer thereof was made to him individually—admits that John Dillingham is insolvent, and has moved from the State, and that it is the intention of defendant to collect the balance due on said judgment out of complainant—admits that Eli S. Shorter, as co-security, would be liable for one-half of said judgment, provided Jones had paid the same, and had not been indemnified by the estate of Dillingham—denies that he has assets in hand, or had at the time he bought said judgment, belonging to the estate of Eli S. Shorter, sufficient to pay the same, or any part thereof; but alleges that he has fully administered and paid out all

the funds that have come to his hands, and that there are still outstanding debts against said estate not paid, and denies his liability to complainant in this form of proceeding; charges that Jones has received from John Dillingham, administrator as aforesaid, cash and notes and other property amounting to ten thousand dollars, as an indemnity against his suretyship on said bond.

At November Term, 1848, the death of James H. Shorter being suggested of record, George Hargraves, his administrator, was made a party defendant.

At May Term, 1857, complainant amended his bill, charging that said James H. Shorter knew that his intestate Eli S. Shorter was the co-security with complainant on John Dillingham's administration bond, and that said John Dillingham was in failing circumstances, and would not be able to account for the assets of George Dillingham, which had come into his hands as administrator, and that complainant, and Eli S. Shorter's estate would have to respond, as his sureties, to the creditors and distributees of George Dillingham, deceased.

Complainant, in his amended bill, further charged that a large amount of assets of the estate of Eli S. Shorter came into the hands of James H. Shorter; more than three hundred thousand dollars, and that said James H. well knowing his intestate's liability on said bond, paid to creditors of said estate debts on open accounts amounting to one hundred thousand dollars or other large sums. That there was a valuable brick dwelling house in the city of Columbus belonging to Eli S. Shorter at the time of his death, and many negroes, which came into the possession of James H. Shorter, his administrator, worth $25,000, or other large sum, and were in his possession at the time he bought said judgment; that he received large sums from other sources which he paid out and distributed among the heirs at law, after he purchased said judgment, and much more than sufficient to have paid the balance due on the same.

Hargraves, the administrator of James H. Shorter, and now defendant to the bill, put in his answer to said amendment ; exceptions were filed thereto, some of which were sustained, and he ordered to answer over.

The substance of his answer was, that he had no information or belief as to James H. Shorter's knowledge of John Dillingham's failing circumstances or insolvency; that he believes the assets of the estate of Eli S. Shorter, which came into the hands of James H. Shorter, amounted to between two and three hundred thousand dollars, and admits that open accounts to the amount of one hundred thousand dollars were paid by him, and that too with a knowledge of the existence of said administration bond, and that the house and lot and negroes came into his hands, and that other funds and assets more than sufficient to pay the balance of said judgment, &c.

Upon the case being called for trial, defendant moved to dismiss the complainant's bill for want of equity.

The Court overruled the motion and defendant excepted.

Defendant then moved to dissolve the injunction, on the ground that there was no equity in the bill, and if any, the same was fully sworn off by the answer, which motion the Court overruled, and defendant excepted.

WELLBORN, JOHNSON and SLOAN, for Plaintiff in error.

JONES & JONES, and BLANDFORD, *contra*.

*By the Court.*—McDONALD J. delivering the opinion.

The bill was filed and answered in 1844. It was amended in June, 1857. The original defendant died, and the present defendant, as his administrator, was made a party in his stead. He answered the amended bill on the 8th June 1857. His answer was excepted to, some of the exceptions were sustained, and those which were sustained were answered by the defendant.

[1] The motion to dismiss the bill was made when the cause was called for a hearing on the merits, thirteen years after it was filed, and after it had been fully answered. The ground relied on in support of the motion was, that the complainant had an adequate remedy at common law. The bill ought to have been demurred to at an early stage of the cause. 2 *Maddocks, Ch.* 170, 287. It is too late after the parties have submitted so long to the jurisdiction of a Court of Chancery, and the parties have incurred so much expense in the litigation to move to dismiss the bill for such cause. *Underhill vs. Van Courtland,* 2 *Johnson's Ch. Rep.* 339, 369.

The answer and the original bill admit sufficient matter to warrant the retention of the injunction, if there was sufficient ground for granting it in the first instance. That assets sufficient were placed in the hands of the defendant in error belonging to Dillingham's estate to indemnify him for what he had paid, and the balance due on the execution, as alleged in the defendant's answer, may depend on proofs at the hearing under a proper modification of the pleadings, if they do not now warrant its admission. The part of the answer which brings this matter before the Court, is not strictly responsive to the bill; and if, on going into an account between the parties, it should be found that defendant in error has in his hands assets properly applicable to his indemnity for what he has paid, and the amount for which he is yet liable, the injunction may then be dissolved, and the defendant in error be required to account for the said assets, either by a decree to pay the amount yet due, and to acknowledge satisfaction of what has been paid, if proper parties to warrant such a decree be before the Court; or to decree a dismissal of the bill against the plaintiff in error, and to allow the execution to proceed.

Judgment affirmed.

*Judge* BENNING *being related to one of the parties did not preside in this case.*